## Case No. 12,429.

### In re SCAMMON.

[6 Biss. 195;[1] 11 N. B. R. 280; 7 Chi. Leg. News, 42; 9 West. Jur. 175.]

District Court, N. D. Illinois. Oct., 1874.

BANKRUPTCY — PRACTICE IN FILING PETITION UNDER AMENDED ACT.

1. Under the amendment of June 22, 1874 [18 Stat. 178], if it appears that the requisite number of creditors have not joined in the petition, the court will dismiss it on motion, without requiring the debtor to file a schedule.

2. On such motion the court will hear affidavits and evidence offered by either party, and will order the person verifying the petition to be examined before the register.

[3. Cited in Re Keiler. Case No. 7,647, and in Re Hamlin, Id. 5,994, to the point that it is within the power and duty of the court to set aside summarily any process obtained by fraud and deception practiced upon itself.]

In bankruptcy. This was an involuntary petition filed by the United States Mortgage Company against Jonathan Young Scammon, prior to the amendment of June 22, 1874. Soon after that amendment a rule was entered upon the petitioning creditor to file an amended petition according to the requirements of this amendment [Case No. 12,427]. In response to this, it simply amended the petition by inserting the allegation that the petitioning creditor constituted one-third in amount and one-fourth in value of the respondent's creditors [Id. 12,428]. Respondent then moved to dismiss the petition, filing an affidavit to the effect that he was indebted in large amounts to numerous persons; that two judgments were standing against him in the United States court for this district, and several others in the state courts, and that the secretary of the company, when he made the affidavit to the amended petition, knew that respondent was indebted to a large number of persons.

Lyman Trumbull, for motion.
Wirt Dexter, contra.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

## Case No. 12,430.

### In re SCAMMON.

[10 N. B. R. 66;[1] 1 Cent. Law J. 328; 20 Int. Rev. Rec. 33.]

District Court, N. D. Illinois. June 26, 1874.

BANKRUPTCY — AMENDED ACT — SUITS PENDING — NUMBER AND AMOUNT OF CREDITORS.

1. By the amendment of June 22, 1874 [18 Stat. 178], every petition to force a debtor in bankruptcy filed since December 1, 1873, is required to contain the allegation that the petitioners are one-fourth in number and one-third in value of the creditors of the debtors. This applies as well to cases pending as to those that may hereafter be brought.

[Cited in Re Angell. Case No. 386; Re Comstock, Id. 3,077; Re Raffauf. Id. 11,525.]

2. This allegation may be made in the petition on information and belief.

[Cited in Re Mann, Case No. 9,033.]

In bankruptcy.

BLODGETT, District Judge. By the recent amendment to the bankrupt law, some radical changes are made in the proceedings of voluntary or compulsory bankruptcy. The thirty-ninth section [of the act of 1867 (14

---

[1] [Reprinted from 10 N. B. R. 66, by permission.]

Stat. 536)] has been practically repealed, and a new section substituted. By this section, as it now stands amended, various acts are declared acts of bankruptcy, and the law then proceeds to say that any person guilty of said acts, or any of them, "shall be deemed to have committed an act of bankruptcy, and subject to the conditions hereinafter prescribed, and shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof at least in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable. * * * And the provisions of this section shall apply to all cases of compulsory or of involuntary bankruptcy commenced since the 1st day of December, 1873, as well as those commenced hereafter. And in all cases commenced since the 1st of December, 1873, and prior to the passage of this act, as well as those commenced hereafter, the court shall, if such allegation as to the number or amount of petitioning creditors be denied by a statement in writing to that effect, require him to file in court forthwith a full list of his creditors, with their places of residence, and the sums due them respectively, and shall ascertain, upon reasonable notice to the creditors, whether one-fourth in number and one-third in amount have petitioned that the debtor be adjudged bankrupt. * * *"

The question now raised is, whether cases pending, which have been commenced since the 1st of December last, can proceed without an amendment of the petition, so as to show affirmatively that the requisite number of creditors desire the debtor to be adjudicated bankrupt, or must the debtor in such cases object in the first instance, and file a schedule of his creditors? There is no doubt in my mind that in new cases the petition must show affirmatively that the requisite number of creditors join in the petition. Not that the creditors petitioning must swear positively that they constitute a fourth in number and a third in value of a debtor's creditors, but they should at least allege it according to their best information and belief, because we all know that debtors frequently misstate the amount of the debts to their creditors, and creditors have no means in the first instance of verifying the truth of the debtors' statements to them. So that I think an allegation that those petitioning constitute a fourth in number of the creditors and a third in value of the provable debts, would make a good prima facie case, so far as this clause is concerned. If the debtor comes in and denies this allegation, then he can be ruled to file a correct list of his creditors, with their residences and the amount due them respectively, and a time is given in which to obtain the report of the requisite number of them to the proceeding. The evident spirit and intent of the amendment is that all cases pending, commenced since the 1st of December last, shall conform to, and proceed upon the

requirements of the law in the same manner as new cases. The language is: "If the allegation as to the number or amount of petitioning creditors be denied by the debtor." And this is declared to apply as well to pending cases as to those hereinafter commenced. Now, by all the analogies from the rules of pleading, a party is not required to deny an allegation which has not been made. It seems to me it would be absurd to require a debtor to come in and deny the allegation that a fourth in number and third in amount of his creditors had not joined in the proceedings against him, when the record contained no such allegation. The creditors should first make the allegation, and then it will be time for the debtor to deny it and furnish a correct list of his creditors. Nor do I see that there is any hardship in this. It being clear that the proceedings cannot go on without the assent of the requisite number of creditors, their assent seems to me indispensable to enable the court to retain jurisdiction of the case, and the petitioning creditor may as well amend his petition in the first instance by obtaining the assent of the requisite number as to require the debtor to exhibit his schedule. As I construe the law, the debtor is not obliged to give a schedule of his creditors until a prima facie case is made against him. Certainly a debtor against whom a new petition is filed cannot be compelled to disclose the names and residences of his creditors, and amounts due to each, without such prima facie case being made, and I do not see why any different rule should apply to one against whom proceedings were pending when the law passed.

I therefore conclude that in all cases pending which have been commenced since the 1st of December last, the petitioning creditor should take steps to secure the joining of a fourth in number and third in amount of the creditors within some reasonable time, and that the debtors are entitled to a rule that unless the requisite number of creditors do so join within such time as the rule may require, the proceeding shall be dismissed. This saves the rights of creditors in all cases when the limitations of the law would apply if the petitions should be dismissed and new proceedings commenced.

[For subsequent proceedings in this litigation, see Cases Nos. 12,427–12,429.]